**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALBERTO SOLER | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| DEPARTMENT OF JUSTICE, *et al.* | ) |
| | ) |
| **Defendants.** | ) |

Civil Action No. 03-1644 (RMC)

**MEMORANDUM OPINION**

This case began with a single claim against the United States Department

of Justice ("Justice Department") under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552.[1]   Plaintiff, a prisoner proceeding *pro se*, later sought to amend the complaint by

adding claims against the Federal Bureau of Prisons ("BOP") concerning plaintiff's eligibility

for participation in a residential substance abuse treatment program.  [Dkt. #12] ("Motion

Amending the Complaint and Requesting Class Certification").  In a March 1, 2004 Minute

Entry Order, the Court granted leave to amend the complaint, and denied the request for

class certification.[2]

On May 20, 2004, Mr. Soler moved to strike his claims against the BOP and

_____

[1]        The individual defendants named in the original complaint were dismissed
by the Court's October 3, 2003 Order.

[2]        On February 17, 2004 and March 18, 2004, plaintiff moved to supplement
the record by submitting exhibits pertaining to the FOIA request. [Dkt. #17, 19].  The
Court granted both motions. [Dkt. #22].

to add claims regarding Federal Prison Industries.  [Dkt. #25].  The Court granted the motion to strike and denied without prejudice the motion to add claims regarding Federal Prison Industries.  [Dkt. #28].  On November 20, 2004, the Court fiated Mr. Soler's "Attachment to the Amended Complaint" [Dkt. #32], which again names BOP as a defendant along with the Justice Department, but limits his challenge to BOP's policy which will not allow him, a Cuban Alien Prisoner against whom the Bureau of Immigration and Customs Enforcement has lodged a detainer, to get the benefit of early release to a community correctional center.

The Justice Department filed a motion to dismiss the amended complaint on February 3, 2005, which the Court granted as conceded when plaintiff failed to respond to the motion as directed by the Court's February 7, 2005 Order.  [Dkt. #35].  Plaintiff moved for relief from judgment because he had transferred from one prison to another and not received a copy of the February 7, 2005 Order until May 10, 2005. [Dkt. #38] On September 1, 2005, the Court vacated its dismissal, denied leave to further amend the complaint,[3] and ordered the Justice Department to file a dispositive motion with regard to the FOIA claims. [Dkt. #43, 47].  Defendant filed its motion to dismiss on November 9, 2005.  [Dkt. #48]

In the meantime, plaintiff filed a pleading titled "[OBJECTIONS]" and another titled "Motion Correcting Pleading Defic[i]encies to Objections Filed Due to Plaintiff Not Having Case Docket Sheet." [Dkt. #44, 45 (lower case substituted)]. On November 18,

---

[3]  The Court construed the "Attachment to the Amended Complaint" as a motion for leave to amended pursuant to Fed. R. Civ. P. 15(a).  DOJ filed an answer to the original complaint on February 23, 2004.

2005, he filed a motion requesting a ruling on these two pleadings, which he characterized as requesting reconsideration of the Court's order of September 1, 2005. [Dkt. #50]. The pleadings to which plaintiff refers at Docket Nos. 44 and 45 were not construed as motions and, therefore, the Court did not issue rulings on them.

To review the bidding: this matter began as a FOIA case and the Justice Department has filed a motion to dismiss the FOIA claims. However, buried deep in his OBJECTIONS [Dkt. #44], plaintiff states that his "FOIA claim is that defendant failed to comply with the (10) day notice of 5 USC §552(a)(6)(C) [sic]. These claims are now moot, Doc. 19, exhibits, thus the court's order to defendant to response [sic] to the FOIA claims is now meaningless."[4]  *See* OBJECTIONS [Dkt. #44] at 7 n.22.  What plaintiff now wants to litigate is whether BOP can properly preclude him from release to a community correction center (also known as a halfway house) because there is an immigration detainer lodged against him.  *See* Attachment to the Amended Complaint [Dkt. #32] at ¶¶ 4 & 5.  The question is whether he should be allowed to do so.

Plaintiff is proceeding *pro se*, which only has complicated matters.  The timing of his receipt of Court orders and other pleadings has interfered with an orderly progression.  He has a good grasp of the English language but his pleadings nonetheless are difficult to follow.  This has led to an unnecessary to and fro, unnecessary work on the part of the Court and the defendant, and confusion as to what claims plaintiff really wants to pursue.  He certainly has not helped the situation by filing so many motions to amend,

---

[4]     The Court extends its apologies to defendant for asking it to respond to moot claims.

add, strike, and to change defendants and theories.  Nonetheless, the Court is loathe to dismiss the complaint in its entirety because plaintiff should be granted leeway in his pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, this Court does not have jurisdiction over his one remaining claim: that BOP refuses to release him to a halfway house.  That claim arises in *habeas corpus* and only the United States District Court in the district in which he is incarcerated can address it.  *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir.  2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.").

The Court therefore will grant the Justice Department's motion to dismiss the FOIA claims and will dismiss them with prejudice.  It will also grant plaintiff's motion for consideration of his OBJECTIONS and will permit the Attachment to the Amended Complaint [Dkt. #32] to be treated as a third amended complaint.  Although this document states that it is based on the Administrative Procedure Act, 5 U.S.C. § 553, it challenges plaintiff's terms of imprisonment and must be treated as arising under the Court's *habeas* jurisdiction.  Because such jurisdiction lies only in the Middle District Court of Florida, the Court will transfer this case to that court.

An Order consistent with this Memorandum Opinion will be issued separately.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: December 19, 2005.

-4-